Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHENHE INTERNATIONAL HOLDING GROUP CO. LIMITED, a Hong Kong private limited company d/b/a "FLOERNS"; ZOETOP BUSINESS CO., LTD., a Hong Kong private limited company; AMAZON.COM, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT; and<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff United Fabrics International, Inc., ("UFI" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## PARTIES

4. UFI is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant Shenhe International Holdings Group Co., Limited, individually and doing business as "Floerns" ("Floerns"), is a Hong Kong private limited company with a principal place of business located at Flat/RM A 12/F, ZJ 300, 300 Lockhart Road, Wan Chai, Hong Kong, and is doing business in and with the State of California and this District. Floerns operates an online storefront on Amazon.com through which it sells products under its alias.

6. Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation doing business in and with the State of California and this District.

7. Upon information and belief, Defendant Zoetop Business Co., Ltd., ("Zoetop") is a Hong Kong private limited company that is doing business with the State of California, including through its affiliated location at 757 Alameda St., Ste. 340, Los Angeles, CA 90021.

8. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of products to Defendants, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying products bearing fabric manufactured with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. At all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

11. Plaintiff did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this Complaint.

## CLAIMS RELATED TO DESIGN NO. 8634

12. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the internal design number "8634" ("Subject Design"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

13. Plaintiff owns a United States Copyright Registration covering the Subject Design.

14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

15. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling products bearing illegal reproductions and/or derivations of the Subject Design.

16. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, Floerns, Amazon, Zoetop and certain DOE Defendants (collectively, "Defendants"), created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or products incorporating fabric that bears artwork identical to or substantially similar to the Subject Design ("Infringing Products"). Such Infringing Products include, but are not limited to, the products bearing illicit copies of the Subject Design and listed for sale on https://www.amazon.com entitled "Floerns Women's Sexy Plus Size Maxi Dress Sleeveless Long Party Dress" and "Floerns Women's Plus Size Bohemian Print Sleeveless Party Maxi Dress Black 1X," and bearing the Amazon Seller Identification Numbers ("ASINs") B078H8L66T and B07FJLK2MF, respectively, indicating such products were sold by or for Defendants.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive

knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

18. Below is a comparison of the Subject Design with exemplars of the Infringing Products; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:



| **SUBJECT DESIGN** | **INFRINGING PRODUCTS** |

| **SUBJECT DESIGN** | **INFRINGING PRODUCTS** |
|---|---|
|  |  |
| Detail | Detail |
|  |  |

# FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

19. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) items manufactured and sold to the public lawfully printed with the Subject Design by Plaintiff for its customers.

21. Plaintiff is informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with Defendant retailers, and each of them, and supplied items to said retailers, which products infringed the Subject Design in that said items featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

22. Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling products which infringe the Subject Design through an online storefront at https://www.amazon.com.

23. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

27. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Design alleged herein.

29. Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

30. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

31. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. §§ 505, *et seq.*;

///

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 24, 2023          By: _____
Trevor W. Barrett, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff